EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>　　　Recurrido<br><br><br>　　　　　v.<br><br><br>Richard Torres Irizarry<br><br>　　　Peticionario | Certiorari<br><br>2015 TSPR 29<br><br>192 DPR ____ |

Número del Caso:　CC-2014-1030


Fecha: 27 de marzo de 2015



Materia: Resolución del Tribunal con Voto Particular Disidente



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.

Richard Torres Irizarry

    Peticionario

CC-2014-1030     Certiorari

RESOLUCIÓN

San Juan, Puerto Rico, a 27 de marzo de 2015.

      Vista la petición de certiorari presentada por la parte peticionaria, se le concede a la parte recurrida un término de veinte (20) días, contado a partir de la notificación de esta Resolución, para que comparezca y muestre causa, por la cual no se deba revocar la Resolución dictada por el Tribunal de Apelaciones.

      Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emitió Voto Particular Disidente.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>v.<br><br>Richard Torres Irizarry | CC-2014-1030 | |

Voto Particular Disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 27 de marzo de 2015

Sólo se han precisado un puñado de días para verificar cómo la infausta decisión suscrita por una mayoría de este Tribunal en *Pueblo v. Sánchez Valle*, 2015 T.S.P.R. __, 192 D.P.R. __ (2015), habrá de surtir efectos nocivos y preocupantes en la sana administración de la justicia criminal en nuestro País. En esta ocasión, el efecto neto de tal decisión apunta a que se ha de revocar una determinación del Tribunal de Apelaciones, en la cual dicho foro correctamente invocó lo resuelto por este Tribunal en *Pueblo v. Castro García*, 120 D.P.R. 740 (1988) (revocado en *Sánchez Valle*). Al margen de los muchos problemas que suscitará *Sánchez Valle*, nótese como los problemas no se limitan al futuro, sino que afectan concretamente la labor adjudicativa de este Tribunal en el presente.

Todo parece indicar que como resultado del artificioso "análisis" de este Tribunal en *Sánchez Valle*, la mayoría se propone revocar una convicción por mutilar o remover el número de serie de un arma de fuego. Véase 25 L.P.R.A. sec.

458i. Ello, dado que el señor Torres Irizarry se declaró culpable, en el foro federal por el mismo delito. Véase 18 U.S.C. sec. 922(k). De esta forma, este Tribunal interfiere indebidamente con la incesante lucha de las autoridades gubernamentales contra el crimen. Una vez más, la mayoría le da su espalda al bienestar del País.

De otra parte, es menester enfatizar la disparidad de la pena que conlleva el mismo delito en una jurisdicción y otra. Mientras que en el foro federal la pena por infringir la sección 922(k) nunca podrá ser mayor de cinco años, 18 U.S.C. sec. 924(a)(1)(B), en nuestra jurisdicción la comisión del mismo acto delictivo acarrea una pena de reclusión que oscila entre seis y veinticuatro años. 25 L.P.R.A. 458i. La diferencia es abismal. Las consecuencias, nefastas. Así, luego de *Sánchez Valle*, las autoridades estatales deberán procurar "correr" a los tribunales con tal de que nuestras leyes se puedan vindicar efectivamente, conforme a los entendidos que éstas consagran en cuanto a la reprochabilidad penal de determinada conducta. De lo contrario, tendremos que conformarnos con las penas que las leyes federales contemplen, aun cuando éstas hayan sido promulgadas en total abstracción de los acuciantes problemas que enfrenta el País y las circunstancias particulares de éste.

Por último, permítaseme un augurio ulterior. Resultan, cuanto menos, desconcertantes las complicaciones que se suscitarán, en virtud de lo resuelto por una mayoría de

este Tribunal en *Sánchez Valle*, al evaluar la aplicabilidad de las excepciones a la protección contra la doble exposición, según establecidas por este Tribunal en *Pueblo v. Santiago Pérez*, 160 D.P.R. 618 (2003).[1] Nótese que cuando se invoque alguna de las excepciones que implique, por ejemplo, auscultar si hubo actuaciones fraudulentas para lograr una convicción anterior, ello potencialmente significará que deberemos examinar los trámites acaecidos en otro foro –el federal-, que para todos los efectos es un foro distinto y separado del nuestro.

En fin, no puedo perder la ocasión para lamentar, una vez más, la desafortunada decisión mayoritaria en *Sánchez Valle* y señalar cómo ésta mina la eficacia de nuestro sistema de justicia criminal. Por tanto, y dadas las razones esbozadas en la opinión disidente en *Sánchez Valle*, hubiera denegado la expedición del auto de *certiorari* presentado ante este Tribunal o, mejor, aprovechado la oportunidad para reconsiderar la corrección de nuestra reciente determinación en *Sánchez Valle*. Puesto que ese no es el criterio mayoritario, disiento.


                              Anabelle Rodríguez Rodríguez
                                      Juez Asociada

---

[1] De hecho, debido a las implicaciones de lo resuelto en *Sánchez Valle*, la invocación de dichas excepciones –cuando ello corresponda- es la única herramienta que tiene a su haber el Ministerio Público para procesar por los mismos delitos a una persona que haya sido previamente convicta en el foro federal.